NEELY v. RAILROAD COMPANY.

1. The law which requires a railroad engine to give signals when about to cross a highway, was not intended for the protection of persons or cattle who happened to be at or near the crossing without intending to pass over.
2. The trial judge erred in leaving it to the jury to say whether cattle were killed near enough to a road crossing to afford their owner that protection which the law gives to a crossing, without having distinctly defined to them what was the law upon this point.

Before PRESSLEY, J., York, November, 1889.

This was an action by J. H. Neely against The Charlotte, Columbia & Augusta Railroad Company to recover damages for the negligent killing of a cow in August, 1889. It appeared that there was a dirt road alongside the railroad track which led out into a lane, and the road down this lane crossed the track. Plaintiff's testimony was that a herd of cows were driven out of their pasture down this lane across the track, when, being frightened by the train, they ran down this parallel dirt road and some of them got upon the track and were run into by this train, which approached the crossing without giving the signals required by law. Defendant's testimony was that the cows were being driven down the track, and the proper signals were continuously given until the cows left the track, after which two of the herd turned upon the track twenty steps ahead of the engine, and one was killed about thirty feet from the crossing. The judge charged the jury as follows:

The law ordinarily is this: Where a railroad car injures the property of another—kills the cow of another—the law presumes negligence on the part of the railroad hands, managers, and throws the burden of proof upon the railroad to show that it was not negligent; otherwise it is responsible for the damage done.

Now, the proof in this case, on the part of the railroad company, is that, after leaving the depot—but first: After ringing the bell and blowing the whistle, and arriving at the depot at Rock Hill, they started from the depot down towards the cross-

ing without ringing the bell or blowing the whistle. The law requires them to do one or the other. After seeing the cattle, the engineer slacked up his speed, and when he saw that all the cattle were off the track, he moved on, when suddenly two of the cows that had been off the track turned, came upon the track just in front of the engine; consequently the killing could not be avoided. The law in that case is, that in any other part of the track, other than at or near a crossing, if cattle came upon the track, just in front of an engine, having been off the track before the engine reached that point, and are kille l, that fact, that the cattle are on the track just in front of the engine, so near that the train cannot reasonably be stopped within that distance, rebuts the presumption, and the railroad company is not responsible. That is the law in reference to any part of the track which is not a crossing.

The crossing comes under a different law, and the railroad now is under the protection of the general law, which says it is not negligence if they kill cattle that come upon the track sud lenly, in front of the engine. The question in this case is, Does Mr. Neely's case come under the law upon crossings ? Was it near enough a crossing to render them liable ? That depends upon your deciding upon the question, Was the cow killed at the cross-ing or near the crossing ?—and by a crossing I do not under-stand it to be exactly in the track of the crossing. Was it killed at or near a crossing, so as to be under the crossing law ? The law which was read to you does not apply to the case, unless you consider this cow was killed at the crossing. Well, the proof is that they were going along there, and were driven off the track, and were passing up the road, and some 10 or 20 steps above the crossing they turned back and crossed the track. Do you con-sider that that was near enough to the crossing to give Mr. Neely the protection which the law gives to a crossing ? If you con-sider that it is not at a crossing—that is, it was not near enough to give him the protection of a crossing—then the law as to a crossing does not apply.

In any other part of the road, if this cow had been killed com-ing across the track suddenly, in front of the engine, the railroad company would not be liable. Several cases are reported where

cows came suddenly out of the bushes too near the engine for. the engineer to stop, and the court has decided that the railroad is not liable; and this case, under the proof, will be under the protection of those decisions unless it comes under the law of crossings. If it comes under the law of crossings, the railroad company will be responsible unless the owner has been guilty of gross negligence. If you decide, first, that this case comes under the protection of a crossing, was there gross negligence on the part of the persons who were driving the cattle? They were driving them off, did drive them off, and in some manner, unexplained, two got back. Where is the gross negligence, if the road relies upon the fact that it was the gross negligence of the persons driving the cattle? Has it been proved? If you come to the conclusion that this cow was near enough the crossing to be regarded as at the crossing, then your verdict must be for the plaintiff, unless the defendant has proved gross negligence in the agent for the plaintiff. If the defendant has proved gross negligence in the agent for the plaintiff, then your verdict must be for the defendant.

The jury returned a verdict for the plaintiff for $125, and defendant appealed.

*Mr. G. W. S. Hart*, for appellant.

*Mr. W. B. Wilson, jr.*, contra.

June 19, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was brought to recover $125 alleged to be the value of a cow of plaintiff killed on defendant's railroad track, at or near a crossing a short distance from Rock Hill depot. The jury rendered a verdict for plaintiff of $125. In the charge of his honor, discussing section 1529, General Statutes, in which it is provided that "if a person is injured in his person or property by collision with the engine or cars of a railroad corporation at a crossing," &c., he construed the words at a crossing to mean at or near a crossing, and he left it to the jury to decide whether or not the cow was killed near enough to

the crossing to render the defendant liable under section 1529, General Statutes. This charge is the basis of the only exception of defendant in the appeal.

Section 1483, General Statutes, requires railroad corporations to ring a bell or sound a steam whistle at a distance of at least five hundred yards from the place where the railroad crosses any public highway or street or travelled place, to be kept ringing or whistling until the engine has crossed such highway or street or travelled place; in the neglect of which, by section 1529, *supra*, the corporation is made liable for any injury resulting from a collision at such crossing, unless it is shown that in addition to a mere want of ordinary care the person injured, &c., was at the time of the collision guilty of gross or wilful negligence, &c. Now, there can be no doubt, but that the object of these sections was to prevent collisions which might occur between persons attempting to cross the track of the railroad and the locomotive and cars approaching the crossing at the same moment, and the provisions of the act did not include, nor was the act intended to include, injuries inflicted upon by-standers not intending to cross, or upon cattle that happened to be killed or injured pasturing near by, but not upon the crossing or using it to pass from the one side to the other. The charge of the judge would seem to include injuries of this character, and we think this was error.

We think it was error also for his honor to submit the question to the jury whether or not the killing was near enough to the crossing to bring the case under the "law of crossing," as he expressed it, without first defining distinctly what the law of crossing was. He said to the jury, "Do you consider that that is near enough to the crossing to give Mr. Neely the protection which the law gives to a crossing?" This, it seems to us, was leaving the question of law as to the crossing to the jury, and as the jury may have been misled, we feel constrained to grant a new trial. And to that end,

It is the judgment of this court, that the judgment of the Circuit Court be reversed.