### KINARD v. COLUMBIA &c. R. R. COMPANY.

1. CONTRIBUTORY NEGLIGENCE—NON-SUIT.—In action to recover damages from a railroad company for injuries received by plaintiff in being thrown from his buggy at the time of the rapid passage of defendant's train, the question, whether the injury was not caused by plaintiff's contributory negligence in his own handling of the mule that drew the buggy, is a question of fact, which cannot be determined on motion for non-suit.

2. RAILROADS—INJURIES AT CROSSINGS—COLLISION.—The statute of this State gives a right of action for injuries to a person "by collision with the engine or cars of a railroad corporation at a crossing," and makes the company liable only for damages "caused by the collision," where the prescribed statutory signals were not given. *Held,* that a railroad company was not liable under this statute, where the signals were not given, but the injury resulted from the person, who was not then intending immediately to cross, being thrown from his buggy while endeavoring to drive his frightened animal away from the train.

3. IBID.—IBID.—NONSUIT.—But as plaintiff is entitled to sue at common law where a less degree of negligence may defeat a recovery than is required under this statute, this court will not direct a non-suit; but only order a new trial.

Before IZLAR, J., Newberry, November, 1892.

Action by Samuel J. Kinard against the Columbia, Newberry and Laurens Railroad Company, commenced October 4, 1892, to recover damages for injuries received on May 23, 1892.

*Messrs. Lyles & Muller,* for appellant.

*Messrs. Johnstone & Cromer,* contra.

November 3, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action to recover

damages for injuries sustained by reason of the alleged negligence of the defendant company. The allegations contained in the complaint are substantially as follows: that on the day the disaster occurred, plaintiff was traveling in a buggy along the public highway, which crosses the railroad a short distance below the town of Prosperity, and was on the roadbed, ready to cross the railroad, when a locomotive with a train of cars approached, which the officers and agents of defendant company negligently caused to approach the said crossing at great speed, and negligently and carelessly omitted, while approaching the said crossing, to give any signal by ringing the bell or sounding the whistle, by reason whereof the plaintiff was unaware of their approach, and that in consequence thereof the plaintiff, while attempting to avoid a collision, and to control the mule by which his buggy was drawn, was thrown from his buggy to the ground with such force as to break his collar-bone. At the close of plaintiff's testimony, defendant moved for a non-suit upon two grounds: 1st. That there was no testimony tending to show "that this accident came under the provisions of the act relating to that matter * * * that the act was not intended to meet cases of simply frightening animals." 2d. That "the testimony shows that the accident was caused by Mr. Kinard's own handling of the mule, rather than as resulting from the approach of the train." The motion was refused by the Circuit Judge, upon the ground that the plaintiff "was there intending to cross," and after hearing the testimony of defendant and that of the plaintiff in reply, the case was submitted to the jury, who found a verdict in favor of the plaintiff, and judgment having been entered thereon, the defendant appeals, alleging error in the refusal of the motion for a non-suit.

The plaintiff's testimony tended to show that he was traveling along the public highway, intending to cross the railroad track, at the crossing near which the disaster occurred, in a buggy drawn by a mule; but before he reached the crossing, and before he had got upon defendant's roadbed, he stopped, to speak to a friend, at a point some fifteen or twenty feet from the railroad track, and while there, seeing the train approaching, at a distance of some fifty yards or more, he attempted to

turn his buggy, when the single-tree or the traces broke (the plaintiff saying the former, while his witness in the buggy with him said the latter), whereby the mule was released and the shafts of the buggy were run into a bank, and the plaintiff was thrown from the buggy and received the injury complained of. There was also testimony tending to show that the signals required by section 1483—ringing the bell or blowing the whistle—were not given by the approaching train; that it was not a regular but an extra train, and that plaintiff had no knowledge of its approach until it reached a point some fifty yards distant from the crossing—too late, considering the speed at which it was running, for the plaintiff to venture to cross in front of it. There was also testimony tending to show that plaintiff's mule was frightened by the approaching train, and this was probably the reason why plaintiff attempted to turn his buggy, in order to get further from the railroad track.

From this outline of the leading facts of the case, gathered from the testimony, all of which may be found in the "Case," the sole question for us to determine is whether there was error in refusing the motion for a non-suit. It is quite clear that the second ground upon which the motion for a non-suit was based cannot be sustained, as that would involve a determination of a question of fact—whether the plaintiff was guilty of contributory negligence; and it is too well settled by numerous cases that such a question cannot be considered on a motion for a non-suit, to need any citation of the cases.

The question is, therefore, narrowed down to the inquiry, whether there was error in refusing to sustain the first ground of the motion, to wit: that there was no testimony tending to show that the action could be sustained under the provisions of section 1529 of the General Statutes; for the language used by the Circuit Judge in refusing the motion shows very clearly that he considered the question in that aspect solely. In speaking of the plaintiff, he said: "If he had crossed over and been on the other side, I am satisfied that the statute would not cover his case, but he was there intending to cross." From this it is apparent that his honor construed the

section as giving a right of action to a person who was injured at a railroad crossing, if he was there intending to cross. We cannot concur in this construction; for the statute, in express terms, only gives the right of action therein provided for, to a person injured, either in person or property, *"by collision with the engine or cars of a railroad corporation at a crossing,"* and makes such corporation liable only for damages *"caused by the collision."* When, therefore, as in this case, there was not the slightest evidence of any collision at all, either with the engine or cars of the defendant company, it is very clear that the plaintiff had no cause of action *under the statute*, and that the Circuit Judge erred in ruling otherwise. Regarding, therefore, the action as an action under the statute, as it was manifestly considered by the Circuit Judge, the judgment below must be reversed for error in his ruling upon that subject.

But as it may be possible that the plaintiff will be able to maintain his action, without reference to the statute, as an action for injuries sustained by reason of defendant's negligence, at common law, a non-suit will not now be granted, but the case will be remanded for a new trial, when the question, which has not yet been considered by the Circuit Court, and cannot, therefore, be now considered by us, to wit: whether the plaintiff can maintain his action at common law, may be made. It will be observed that there is a great difference in the defence to an action under the statute, and to an action at common law. In the former, in order to sustain the defence of contributory negligence, it would be necessary to show either *gross* negligence on the part of the plaintiff, or that he was acting in violation of law, while in the latter such a degree of negligence would not be required to be shown. It would, therefore, be manifestly unjust to allow a judgment recovered in an action, erroneously treated as an action under the statute, to stand, notwithstanding such erroneous ruling. It may be in this very case (though, of course, we intimate no opinion upon the subject) that while the defendant would not be able to show such gross negligence on the part of the plaintiff as would protect it, in an action under the statute, yet a

lesser degree of negligence, sufficient to protect it in an action at common law, might be shown.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.