RICHARDSON v. FLORIDA CENTRAL AND PENINSULA R.
R. CO.

1. NEGLIGENCE—DOGS—RAILROADS.—No ·PRESUMPTION of negligence
arises upon the killing of a dog by a railroad company on its tracks.

2. IBID.—IBID.—IBID.—NONSUIT.—The plaintiff having failed to pre-
sent any evidence showing negligence on the part of the railroad
company in killing his dog, nonsuit was properly granted.

Before GARY, J., Lexington, September, 1898.    Affirmed.

Action by H. W. Richardson against Florida Central and
Peninsular R. R. Co. for damages for killing a dog.    From
order of nonsuit, plaintiff appeals.

*Messrs. P. H. Nelson* and *G. T. Graham,* for appellant,
cite : *Negligence is presumed from act of killing:* 78 Tex.,
300; 75 Ga., 444; 95 Tenn., 413; 86 N. Y., 365; 10 Rich.,
52; 2 Kan., 481; 41 Ark., 479; 40 Fed., 281.    *Is dog per-
sonal property?*    10 Rich., 208; Rev. Stat., 217; Code, 165;
10 Ired., 259; 1 Mich., 155; 11 Kan., 380; 28 S. E. R., 225;
17 Supt. Ct. R., 694; 166 U. S., 698; 15 Rich., 362.    *There
being some proof of negligence, nonsuit was improper:* 50 S.
C., 556; 49 N. Y., 50; 3 C. B. (N. S.), 146; 59 N. Y., 366;
19 S. E. R., 55; 17 S. E. R., 735; 13 Ib., 419.

*Messrs. C. J. C. Hutson* and *Wm. H. Lyles,* contra, cite :
*No negligence shown on part of engineer:* 40 Fed. R.. 282;
75 Ga., 446; 10 Rich. L., 53; 54 S. C., 481.

June 22, 1899.    The opinion of the Court was delivered
by

MR. JUSTICE POPE.    The defendant railroad company
kills a Llewellyn setter female dog, named "Pink," by its fast
mail and passenger train, on 23d March, 1898, in the little
village of Swansea, in Lexington County, S. C., while said
dog was the property of the plaintiff.    The plaintiff now
seeks to recover $300 as damages for such dog killing.

At the close of plaintiff's testimony, Judge Gary granted a nonsuit on defendant's motion, upon the authority of the case of *Wilson* v. *The R. R. Co.,* 10 Rich., 52.    The ground of this motion for a nonsuit was that there was no evidence of negligence.    There is no longer any room to doubt that a dog is personal property in this State. *Salley* v. *M. & A. R. R. Co.,* 54 S. C., 481.    But the serious question, under plaintiff's appeal herein, is whether the ordinary rules governing negligence on the part of railroads can be applied to domesticated fowls, dogs, &c.    It is a fact that the case of *Wilson* v. *R. R. Co., supra,* relied upon by the Circuit Judge to sustain his decision granting a nonsuit, is authority, strictly speaking, for the position that the rule in Danner's case does not apply as against railroads when they kill dogs.    Or, in other words, that no presumption of negligence arises upon the killing of a dog by a railroad train as against such railroad.    It seems to us, however, that the reason of the Court in the case cited from 10 Rich., 52, would logically lead to a further conclusion, namely, that the owner of a domestic fowl or dog cannot claim that it is the duty owed such owner by a railroad company, when such domestic fowl or dog is upon the track of such railroad company, that the latter, if it can, shall come to a dead halt.    Here is the language referred to: "It would, indeed, be a startling doctrine to hold that a train of cars, whether freighted with produce or with passengers, and charged with the transportation of the government mail, should be arrested in its progress, and compelled at the hazard of responsibility to come to a dead halt, whenever a domestic fowl or perchance a yelping cur should happen to take its stand upon the track, in defiance of the loud warning which is proclaimed by the motion of the train and the action of the machinery."

In the case at bar it was admitted by the plaintiff that the dog saw the train approaching; that the signal whistle had been blown for Swansea (at which point this train did not stop); that the engineer turned loose both of the steam cocks, which created a noise calculated to

frighten animals from its track, and that the train had to use force to climb an elevation just outside Swansea. The Circuit Judge felt that the declaration of the Judge in the case he cited from, 10 Rich., 52, was abundant authority for the holding made by him that the plaintiff had failed to establish any negligence which could render the railroad defendant liable in damages to the plaintiff. This being so, the nonsuit was properly granted.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.