SIMS v. SOUTHERN RAILWAY CO.

1. EVIDENCE—SECONDARY.—Where a third party is served with subpœna, *duces tecum,* to produce a chattel mortgage, but when put up says he did not have it, and plaintiff says it is at his home, six miles away, no notice having been served on him to produce it, secondary evidence of its contents is not competent.

2. CHARGE.—A request to charge the law applicable to a supposed state of facts, is not a request to charge on the facts.

3. NEGLIGENCE—RAILROAD SIGNALS.—The provisions of Rev. Stat., 1685 and 1692, requiring railroad companies to give signals at "crossings," are not applicable to the killing of a horse by a train twenty feet from a "crossing."

4. CHARGE—CONTRIBUTORY NEGLIGENCE.—Instructing jury as to contributory negligence, when not pleaded, is in this case harmless error and beneficial to defendant.

Before BUCHANAN, J., Union, January, 1900.    Reversed.

Action in magistrate court by Samuel Sims against Southern Railway Co. for damages for negligently killing a horse. From order on Circuit affirming magistrate judgment, defendant appeals on following exceptions:

"1. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's second exception to the magistrate's judgment herein, to wit: 'For that the said magistrate erred, as matter of law, in excluding secondary evidence by defendant as to an alleged bill of sale or mortgage given by plaintiff over the mare in question, it having appeared that the mortgagee had been subpœnaed, *duces tecum,* to produce the same; and it further appearing that the same was not then in possession of said mortgagee, but had been delivered to and was in possession of plaintiff himself, who, upon demand by defendant, during the trial, refused to produce the same.'

"2. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's eighth exception to the magistrate's judgment herein, to wit: 'For that the said magistrate erred in ruling as inadmissible and incompetent the question propounded to the witness, Emslie Nicholson: "What did it cover?" the said witness having just testified that a bill of sale had been given to him, or assigned to him by Crawford & Aycock, executed by Samuel Sims, the plaintiff; whereas, it is submitted that the witness, Nicholson, being the mortgagee or party to whom the bill of sale had been assigned, and having testified that he did not then have it, and having been regularly subpœnaed by said

magistrate, *duces tecum,* this evidence was competent and admissible as going to show that plaintiff was not the owner of the mare in question—an allegation of the complaint material to the case, and which defendant by its answer denied.'

"3. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's third exception to the magistrate's judgment herein, to wit: 'For that the said magistrate erred, in refusing defendant's second request to charge: "That if the jury believe from the evidence that the train which it is alleged struck the mare in question, was running at a lawful rate and had the customary appliances and force of trainmen, and the mare when seen by the engineer, or might, with due care, have been seen, was so close that the train could not be stopped with ordinary care and diligence in time to avoid striking it, then the plaintiff cannot recover."' Whereas, it is submitted that the request set forth the law applicable to the case, and having been refused by the magistrate, the jury was left entirely without any instructions as to the law which should guide them in passing upon the degree of care required of and used by the defendant in this case.

"4. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's fourth exception to the magistrate's judgment herein, to wit: 'If you find from the evidence that plaintiff's mare, or the mare in question, was grazing near the railroad track, and becoming frightened at an approaching train, ran a short distance and then jumped upon the track and was struck and killed, and that ordinary care was used by the engineer after the animal was in danger of being struck, then your verdict must be for the railroad company.' The same, it is submitted, was a correct proposition of law applicable to the case.

"5. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's sixth exception to the magistrate's judgment herein, to wit: 'That if the jury find there was a chattel mortgage over the animal

in question, then the plaintiff cannot recover, because he is not the owner.'

"6. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's twelfth exception to magistrate's judgment herein, to wit: 'For that the said magistrate erred in charging the requests submitted by plaintiff, to wit: "No. 1, quoting section 1685 of Rev. Stats., and request No. 2, quoting section 1692 of Rev. Stats. Whereas, it is submitted, that in view of plaintiff's admission as to the point of the accident, these requests were to the prejudice of defendant." '

"7. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's thirteenth exception to the magistrate's judgment herein, to wit: 'For that the said magistrate erred in charging the jury the plaintiff's third, fourth, fifth and sixth requests to charge, submitted in writing; the same, it is respectfully submitted, having no application to the case at bar, resulted to the manifest injustice of defendant.' Plaintiff's third, fourth, fifth and sixth requests were as follows: '3. When the statute requires the whistle of a moving railroad engine to be blown and its bell to be rung continuously for 500 yards before crossing a highway, a failure to do so is evidence of negligence, and it is not necessary to prove the damages in dollars and cents, but from the facts and circumstances submitted to the jury, they estimate the damages. 4. In an action under section 1692 of the Rev. Stats., against a railroad company for damages resulting from its negligence to blow a whistle or ring the bell, it is not necessary to show that such negligence was the proximate cause of the injury. 5. That by the term "traveled place," as used in the statute, is meant a place across which not only the public have been accustomed to travel, but where they have a right to travel; and all that the statute requires is that the neglect to give the prescribed signals shall contribute to the injury; and when a person is injured by collision with an engine of a railroad company at a crossing, and it appears that such company neglected to

give the prescribed signals, such neglect contributes in law to the injury.   6. If the testimony satisfies the jury that the requirements of the act were not complied with or imperfectly complied with, and such failure contributed to the casualty, then from such failure the jury can find that railroad company was negligent.'

"8. Excepts because the presiding Judge erred, as matter of law, in failing and refusing to sustain defendant's fourteenth exception to 'the magistrate's judgment herein, to wit: 'For that the said magistrate erred in charging plaintiff's seventh request to charge, to wit: "That the defense of the defendant railroad company being in part 'contributory negligence' on part of plaintiff, makes such defense an affirmative one, and must be proved by the railroad company as other affirmative defenses, to wit: by the preponderance or greater weight of their testimony."   Whereas, it is submitted, no such defense as "contributory negligence" having been pleaded or interposed by defendant, such instruction from the Court was erroneous, in that it submitted to the consideration of the jury a defense neither pleaded or sought by the evidence to be made, and was to defendant's prejudice.' "

*Mr. E. M. Thomson,* for appellant, cites: *As to request to charge supposed state of facts:* 26 S. C., 58; 47 S. C., 519. *Rule of negligence in cases of stock killing:* 20 S. C., 249, 258; 24 S. C., 132; 25 S. C., 143; 29 S. C., 158. *Magistrate must charge law:* 58 S. C., 92. *Provisions of Rev. Stat., 1685, 1692, do not apply to accidents not occurring at crossings:* 33 S. C., 139; 39 S. C., 517.

*Mr. V. E. DePass,* contra.   Oral argument.

February 12, 1901.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This was an action, commenced in a magistrate's court, to recover damages for the

killing of a horse, belonging to plaintiff, by the alleged negligence of the defendant company in the running of its train. The only defense interposed was a general denial, and the case came on for trial before the magistrate and a jury at Union, S. C., on the 7th of April, 1899, when the testimony set out in the "Case" was adduced. That trial resulted in a judgment for the plaintiff for the sum of $65, from which judgment defendant appealed to the Circuit Court on the several grounds set out in the "Case." The Circuit Judge rendered judgment modifying the magistrate's judgment by reducing the same to the sum of $44, and overruling all the other exceptions to the judgment rendered by the magistrate's court. From the judgment of the Circuit Court the defendant appeals to this Court upon the several exceptions set out in the record, a copy of which should be incorporated by the reporter in his report of the case.

For a proper understanding of the points presented by appellant's exceptions, it will be necessary to make a brief statement, derived from the testimony, which is set out in the "Case," of the circumstances under which the horse was killed, and as to the ownership of the animal, which is one of the questions in the case. It seems that on the day on which the disaster occurred, which is stated by plaintiff's witnesses to have been 26th August, 1898, and by defendant's witnesses the 16th August, 1898, the horse was turned loose in a pasture through or along which the railroad track ran; and when the train was approaching, the horse ran up on the railroad track and was struck and killed by the locomotive. There was a conflict of testimony as to whether the signals required by sec. 1685 of the Rev. Stat. 1893, to be given by a railroad train, when approaching a point where the railroad crosses any public highway or street or traveled place, were or were not given. Inasmuch, however, as it is stated in the "Case" that "Plaintiff admits that animal was struck twenty feet below public crossing," we do not know that this conflict in the testimony as to whether the signals were given would be material. The testimony as to the

ownership of the horse was to the following effect: The plaintiff as well as his son and daughter all testified that the horse belonged to the plaintiff. But the plaintiff, on his cross-examination, testified as follows: "I got horse from Mr. Crawford about last of February or first of March last year (1898). This was John Crawford. I gave him $44; did not pay him cash. I gave a mortgage to Mr. Nicholson." Nicholson, who seems to have been subpœnaed, *duces tecum,* to produce said mortgage, being sworn, says: "I haven't got mortgage. It has been paid, and don't know where it is. I think a bill of sale was given me by Samuel Sims. It was signed (assigned?) to me by Crawford & Aycock. *Question.* What did it cover? Objected to by plaintiff. Overruled and defendant excepts. Overruled by the Court on ground that the mortgage itself is best evidence of its contents." Sam Sims, recalled, says: "I have the chattel mortgage. It is at home. I haven't it here with me." And in the "Case" we find the following statement of what occurred at the trial: "Defendant calls upon plaintiff and plaintiff's attorney to produce original mortgage. Plaintiff's attorney states that mortgage is not in his possession, or that of his client, but is six miles in the country. Defendant asks to allow secondary evidence to be produced thereof. Refused by the Court on ground that mortgage is the highest evidence. Defendant excepts."

It will be observed that the exceptions for the purposes of this appeal all impute error to the Circuit Judge in not holding that the magistrate erred in his rulings as to the admissibility of testimony, and in his charge and refusals to charge the jury, all of which is fully set out in the "Case," in the several particulars pointed out in the exceptions to the judgment of the Circuit Judge. In the light of the foregoing statement we propose to consider the several exceptions.

The first and second exceptions, both relating to the alleged error in the ruling of the magistrate as to the admissibility of secondary evidence in relation to the contents of

the mortgage above referred to, may be considered together. There can be no doubt that the mortgage itself constituted the highest and best evidence of its contents, and secondary evidence thereof would not be competent, unless it was first shown that the mortgage was either lost or destroyed, or from any other cause could not have been produced. But no testimony to that effect was offered, and on the contrary the testimony showed that the mortgage was still in existence, in the possession of the plaintiff at his home six miles from the place of trial. It is true that Nicholson, who held the mortgage at one time, was subpœnaed, *duces tecum,* to produce the mortgage, but he testified that he did not have the mortgage—that it had been paid—when, he was not asked, and did not say—and that he did not know where it was. But it does not appear that the plaintiff was ever served with any notice to produce the mortgage at the trial; and when called upon, during the trial, to produce the mortgage, the reply was that neither he nor his counsel could then do so, as the mortgage was at his home, six miles distant from the place where the trial was in progress. This is not, therefore, like the case of *Reynolds* v. *Quattlebaum,* 2 Rich., 140, where it was held that, if the presiding Judge is satisfied that a deed is in Court in the possession of a party, and he fails to produce it upon notice given *at the trial,* the adverse party may offer evidence of its contents. There was, therefore, no error in refusing to receive parol evidence of the contents of the mortgage, for the purpose of showing that the condition of the mortgage was broken, and that the plaintiff had thereby been divested of his right of property in the horse at the time he was killed, and could not, therefore, maintain this action. The first and second exceptions are overruled.

The third and fourth exceptions relating to the same subject may be considered together. These exceptions impute error in refusing defendant's second and fourth requests to charge certain propositions of law, which seem to us unexceptionable, based upon hypothetical

statements of fact.    The reason given by the magistrate for refusing these requests, that they involve matters of fact, is not sound.    The magistrate was not asked to charge or state any matter of fact, but the requests were based entirely upon what would be the law under the facts supposed, if the jury believed from the evidence such supposed facts to be true.    It seems to us, therefore, that the Circuit Judge erred in not sustaining these exceptions to the magistrate's refusal to charge.

Exception five has been very properly abandoned, in view of the fact that there was no evidence that the condition of the mortgage on the horse had been broken at the time it was killed.

Exceptions six and seven, relating to the same subject matter, may be considered together.    They raise the point that, in view of the undisputed testimony—indeed, of the express admission of the plaintiff on the record that the horse was not struck "at a crossing"—it was error to give the jury any instructions as to the provisions of the sections 1685 and 1692 of the Rev. Stat. of 1893, as those sections were designed only to provide additional safeguards for those who are injured, either in their persons or property, in crossing or attempting to cross a railroad track at a point where they have a right to cross such track, to wit: at a point where a railroad track "crosses any public highway or street or traveled place."    The cases of *Neely* v. *Railroad Company,* 33 S. C., 136, and *Kinard* v. *Railroad Company,* 39 S. C., 514, especially the latter, clearly support this view; and hence those sections were not applicable to the case, and it was error to charge the jury as to the provisions of those sections.    This cannot be said to have been harmless error, for the provisions of those sections are much more stringent than in cases where damages are claimed for injuries done to one, either in his person or property, by a railroad company at points on its track, other than "at a crossing," for in such cases the questions whether a given fact or facts amounts to negligence, is a question for

the jury; whereas, in an action for damages sustained "at a crossing" by collision with a railroad train, the failure to give the statutory signals required is declared, by statute, to be negligence, and in the one case, the plaintiff must show not only negligence on the part of the railroad company, but also that such negligence was the proximate cause of the injury complained of; whereas, in an action under these sections, the question of proximate cause is eliminated. *Wragge* v. *Railroad Company,* 47 S. C., 105, recognized and followed in *Strother* v. *Railroad Company,* 47 S. C., 375. When, therefore, these sections were applied to this case, it was well calculated to induce the belief that if the railroad company failed to give the statutory signals required, that was sufficient to show negligence, without regard to whether such negligence was the proximate cause of the injury complained of. Exceptions six and seven must, therefore, be sustained.

Exception eight imputes error to the Circuit Judge in not holding that the magistrate erred in instructing the jury as to the law of contributory negligence, inasmuch as no such defense was pleaded by defendant. This was error, but it is difficult to perceive how it could be harmful to the defendant. Indeed, the instruction complained of rather tended to benefit than injure the defendant, as it left the way open for the jury to give the defendant the benefit of a defense which had not been pleaded. The error being harmless, affords no ground for granting a new trial on *that* ground.

The judgment of this Court is, that, for the reasons above indicated, the judgment of the Circuit Court must be reversed, and the case remanded to that Court, with instructions to award a new trial in a magistrate's court.