### BRYCE v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. November 27, 1903.)

1. CARRIERS—INJURY TO PASSENGER—PARTIES—SERVANTS—JOINDER—PLEADING.
Where an engineer and conductor of a railroad train were joined with the railroad company as defendants in an action for injuries to a passenger from the derailment of the train, the averment of the accident and injuries resulting therefrom to the plaintiff, though sufficient to con-

stitute a cause of action against the railroad company, was insufficient as against the engineer and conductor.

**2. SAME—LIABILITY OF SERVANTS.**

Servants of a railroad company in charge of a train on which a passenger was injured are not personally liable to such passenger for the injuries sustained unless the injury resulted from the misfeasance and positive wrongs of such servants.

On Rehearing.

For former opinion, see *122 Fed. 709.*

SIMONTON, Circuit Judge. This case now comes up on a motion for rehearing the order refusing to remand the cause. The importance of the question involved, and the weight of the arguments of counsel upon the motion, demand and have received most careful consideration. The whole question has been studiously reviewed.

The cause of action is injury to a passenger upon the Southern Railway arising from the derailment of one of its trains. The defendants to the action are the corporation itself and the conductor and engineer of the train. The complaint prays judgment against all the defendants. It charges that the accident occurred from the negligence of the defendant company, and further charges that at the time and place when and where the plaintiff was injured as aforesaid the defendants Edward Bird was the engineer and James Harling was the conductor, servants of the said Southern Railway Company, in charge and control of said train respectively as engineer and conductor of said train, and that the negligence of the said Southern Railway Company defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the said defendants.

It is clear that, so far as the Southern Railway Company is concerned, the allegations of the complaint are sufficient to hold it responsible for the accident if they be established. This railway company is a common carrier of passengers. It is bound by contract with the plaintiff, a passenger, to carry him safely. He was not carried safely, and the policy of the law throws upon the carrier the burden of proving that the failure of its contract did not arise from negligence of any agents of the corporation. The Supreme Court of South Carolina, in Steele v. Railway, 55 S. C. 389, 33 S. E. 509, 74 Am. St. Rep. 756, states the rule and its reason very clearly:

"The reasons for the rule are: First. The contractual relation between the carrier and passenger, by which it is incumbent on the carrier to transport with safety; hence the burden of explaining failure of performance should be on the carrier. Second. The cause of the accident, if not exclusively within the knowledge of the carrier, is usually better known to the carrier, and this superior knowledge makes it just that the carrier should explain." (Evidently the court proceeds upon this idea. The knowledge of every agent of the carrier, not only as to the conductor of the train as the agent in control of the train, but as to the condition of the roadbed by the other agents whose duty it is to keep up the roadbed, is in law the knowledge of the carrier.) "Third. Injury to a passenger by a carrier is something that does not usually happen when the carrier is exercising due care, hence the fact of injury affords a presumption that such care is wanting."

This rule, as has been said, is one created and established by the policy of the law. Carriers are clothed with important privileges. They serve the public. In the exercise of these privileges and this service they are held to a responsibility much more strict than that imposed upon individuals. If an injury occur to one of the public, who has entered into contract with the carrier, the law demands from the carrier an explanation and excuse for it. The bare fact of the breach of the contract puts the carrier on the defensive. The assertion in the complaint that the injury arose from negligence of the carrier is enough to require an explanation and defense at its hands.

But this complaint goes farther. It seeks damages not only from the Southern Railway, but also from two individuals, its servants, and bases its demand upon the allegation of negligence on the part of these servants with other of the servants of the railway company then and there in its employment, which negligence was the joint negligence of all the said defendants. The facts constituting such negligence upon the part of these two individuals and other of the servants of the railway company then and there in its employment are not set forth. There was here no contractual relation between the plaintiff and these two men; no presumption of law arising from the policy of the law against them. They are called upon to defend themselves, and can be called upon to defend themselves only in the same way as if the carrier was not a party in the suit with them. The rule in the suits against individuals for injury is stated in Shearman & Redfield on Negligence (2d Ed.) § 5. The mere fact of an injury having been suffered is not enough to establish a charge of negligence against the person causing the injury. No one is responsible for an injury caused purely by inevitable accident while he is engaged in a lawful business, even though the injury was the direct consequence of his own act, and the injured party was at the time lawfully employed, and in all respects free from fault. "Still less can a charge of negligence be sustained by the bare fact of the injury, when at the same time it is said that the negligence was also the negligence of other servants beside themselves." The same author, at section 12, says:

"The burden of proof in an action upon negligence rests upon the party charging it. * * * It is not enough for him to prove that he has suffered loss from some event which happened upon the defendant's premises, or even by the act or omission of the defendant. He must also prove that the defendant by such act or omission violated a duty resting upon him. [And if he must prove, he must first allege.] There is a class of cases which constitute an apparent exception to the rule; such as actions against a carrier, etc. But these cases are not real exceptions. The defendant in such cases is under a positive obligation to deliver safely the thing committed to him, except under peculiar circumstances beyond his control. His failure to deliver safely puts him prima facie in the wrong, and it is for him to prove the exceptional circumstances which excuse him. But, when no special relation exists, the presumption is that the defendant has complied with all the obligations which rest equally upon every man, and if he has not the plaintiff must prove it. He must, for this purpose, prove facts from which it can be ascertained with reasonable certainty what particular precaution the defendant ought to have taken, but did not take. And he must

also prove facts from which it can fairly be inferred that the defendant's negligence caused the injury complained of."

And, as has been said, if he must prove these facts he must first allege them.

It must be observed that a personal liability is sought to be thrown on these two defendants simply from the fact that an injury was occasioned to the plaintiff by reason of the joint negligence of the carrier, of these two defendants, its servants, and others, the servants of the carrier, then and there in its employment. The facts upon which this conclusion is based are not stated. How can these two men prepare their defense until they are informed where they were negligent? Was the train running at an inordinate speed? Was the engine taken on the run in a defective condition, which should have been known to the engineer, the defendant? Was the roadbed, track, or were the rails, defective from any negligence of others the servants of the carrier? For such charges they could prepare themselves, and could seek an escape from present liability. And to a knowledge of such facts they were entitled. It is true that in Danner v. Railroad, 4 Rich. Law, 336, 55 Am. Dec. 678, the judge delivering the opinion says that the mere proof of the injury in a suit against the engineer would be prima facie evidence that the act was done willfully. That was a case against a railroad company. It held as a matter of evidence that the burden was on the company to prove that there was no negligence on its part or that of its agents. And that, too, is a rule based on public policy. And even then the rule is of limited application. See Wilson v. The R. Rd., 10 Rich. Law, 53; Richardson v. R. Rd., 55 S. C. 334, 33 S. E. 466. This expression of the judge is clearly obiter dictum. So also in Stokes v. Saltonstall, 13 Pet. 181, 10 L. Ed. 115. The court says that there was a presumption of negligence against the driver of a stage coach when the coach was upset. But that was a suit against a carrier, and, the accident having happened, the policy of the law presumed negligence in the carrier whether the act was his or his agent's. And then, too, the fact on which the negligence was based was stated—the unskillful driver. The case also turns upon the contract of carriage, a warranty that, so far as human foresight or skill can go, the passenger would be carried safely. That warranty was broken, and the burden was on the carrier.

There is another point of view in considering this question: Should the facts constituting the negligence be alleged when it is sought to make these two agents, the conductor and the engineer, personally liable jointly with their principal? An agent or servant is not always personally liable to third persons for negligence. When he is charged with negligence the facts must be stated wherein the negligence consisted—whether in the omission of an act he should have done, or in the commission of an act he should not have done. Judge Story, in his work on Agency (9th Ed.) §§ 308, 309, states the law on this subject, which comes with all the authority of his name:

"We come, in the next place, to the consideration of the liability of agents to third persons in regard to torts or wrongs done by them in the course

of their agency. * * * And here the distinction ordinarily is taken between acts of misfeasance, or positive wrongs, and nonfeasance, or mere omissions of duty, by private agents. * * * The master is always liable to third persons for the misfeasances and negligences and omissions of duty of his servants in all cases within the scope of his employment. So a principal is also liable to third persons for like misfeasances, negligences, or omissions of duty of his agent; leaving him to his remedy over against the agent in all cases when the tort is of such a nature as that he is entitled to compensation. * * * The agent is also liable to third persons for his own misfeasances and positive wrongs. But he is not liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal. * * * Hence the general maxim is to all such negligences and omissions of duty in the case of private agency, respondeat superior. * * * The distinction thus propounded between misfeasance and nonfeasance between acts of direct positive wrongs and mere neglects of agents as to their personal liability therefor may seem nice and artificial, and partakes not a little, perhaps, of the subtleties and overrefinement of the old doctrines of the common law. It seems, however, to be founded on this ground: No authority whatever from a superior to an inferior can furnish the latter a just defense for his own positive wrongs or trespasses, for no man can authorize another to do a positive wrong. But in respect to nonfeasances, or mere neglects in the performance of duty, the responsibility therefor must arise from some express or implied obligation between particular parties standing in privity of law or contract with each other, and no man is bound to answer for any such violations of duty or obligation except to those to whom he has become directly bound or amenable for his conduct."

It would seem, therefore, that the conclusion heretofore reached in this case that, in order to require the two defendants, Edward Bird, the engineer, and James Harling, the conductor, to answer personally in this case, something more than the charge of negligence or joint negligence with the railway company must be made. The facts upon which this charge is made must be stated.

The motion to remand after rehearing is refused.