February 27, 1906. The opinion of the Court was delivered by
The plaintiff recovered judgment in the court of Magistrate Robert Moorman, Esq., for $75, the alleged value of a Red Bone fox hound killed by the defendant's train of cars. The judgment of the Circuit Court affirming the judgment of the magistrate must be reversed on the ground that there was no evidence of negligence. The proof was that the dog was killed by the train while trailing around the track near the public crossing. The act of the defendant alleged to be negligent and on which, as stated by the magistrate, the judgment was based, was that the defendant's train "gave no warning such as is usually given when animals are on the track, and that this was negligence in as much as the engineman had ample time to see the dog ahead of him." No witness saw the dog when he was killed, and there is nothing to indicate whether he was on the track long enough for the engineman to see him and sound the whistle, or ran on the track the instant he was killed. The person who had him in charge and who knew of the approach of the train had no right to rely upon the statutory signals required at a crossing, as the dog was not in the attitude of one intending to cross, but merely happened to be hunting near by. Neely v. R.R. Co., 33 S.C. 136,11 S.E., 636; Kinard v. R.R. Co., 39 S.C. 514, 18 S.E., 119;Sims v. Ry. Co., 59 S.C. 246, 37 S.E., 836.
The rule in Danner's case, 4 Rich., 329, does not apply to the killing of a dog by a railroad train, and there is no presumption of negligence from the fact of killing. Wilson *Page 308 
v. R.R. Co., 10 Rich., 52; Richardson v. R.R. Co., 55 S.C. 334,33 S.E., 466.
The dog's intelligence, the rapidity and agility with which he moves, warrant those in charge of a train in acting upon the supposition that he will observe its approach and get out of its way. In this respect it is reasonable to place him on somewhat the same footing as a human being when in the possession of all his faculties and capable of seeing the danger and escaping from it. If the dog had been observed by the engineman to be on the track in a condition of helplessness or even impaired capacity to take care of itself, it would have been the duty of the engineman to take some precaution for its safety; but there is no proof that the dog was not in possession of his faculties, or that the engineman had any opportunity to see him on the track before he was killed.
The judgment of this Court is, that the judgment of the Circuit Court be reversed.