7073

HUGHES v. SOUTHERN RY.

1. RAILROADS—NEGLIGENCE—SIGNALS.—A railroad company running 'a train of cars on a part of its track parallel with a road and very near to it with a box car in front of the engine, the embankment being in such condition that the cars could not be seen from the road for any distance, a house also obstructing the view, no signal having been given for a crossing near, is guilty of no negligence which makes it responsible for injury to one driving a horse along the road, caused by the horse getting frightened at the cars and running away. *Divided Court.*

2. REHEARING refused.

Before GAGE, J., Greenwood, April, 1908. Affirmed.

Action by George W. Hughes against Southern Railway Company. From order of nonsuit, plaintiff appeals.

*Messrs. Sheppard, Grier & Park* and *E. L. Richardson,*
for appellant, cite: *Failure to give the statutory signal for
a crossing was negligence:* 25 S. C., 66; 68 S. C., 458; 53
S. C., 124; 41 S. C., 1; 47 S. C., 375; 72 S. C., 394; 78 S.
C., 363. *Whether this was the proximate cause of the
injury is for the jury:* 54 S. C., 503; 62 S. C., 136; 2
Thomp. on Neg., sec. 1926. *It is duty of railroad to give
signal for benefit of one traveling parallel with railroad:* 51
Am. R., 718; 19 A. & E. R. R. Cas., 8, 16; 86 Am. St. R.,
318. *The defendant is the lessor of this railroad and liable
for negligence of its lessee:* 77 S. C., 553; 75 S. C., 170;
63 S. C., 374.

*Messrs. Cothran, Dean & Cothran,* contra, cite: *Duty to
warn of approach:* 65 S. C., 218; 22 L. R. A., 680. *Appel-
lant never owned road and not liable as lessor:* 63 S. C., 374;
44 L. R. A., 753.

The opinion in this case was filed July 27th, but remittitur
held up on petition for rehearing until

November 27, 1908. The opinion of the Court was de-
livered by

MR. CHIEF JUSTICE POPE. The complaint of the plaintiff
shows: That the defendant is a corporation duly chartered
under the laws of the State of Virginia, and engaged in oper-
ating a line of railroad in the State of South Carolina as a
common carrier of passengers and freight for hire, and that
the defendant does now, and did, operate and own a line
of railroad from Shoal Junction to Ware Shoals, in said
county, and that said railroad crosses the public highway
leading from Shoal Junction to Ware Shoals, and at said
crossing the view is obstructed so that a person traveling
cannot see a train approaching said crossing; that the said
highway runs very near, in fact joins, the roadbed of the
said defendant, then turns off at an angle of about sixty
degrees; and that, on April 24, 1907, plaintiff was traveling

along said public highway in his buggy, and the defendant caused one of its trains to be run at a high rate of speed, causing plaintiff's horse to become unruly, running away, throwing plaintiff to the ground, breaking his leg and dislocating his ankle, and the plaintiff believes that he will never recover from his injuries; that said leg will always be one inch shorter, and said ankle will be stiff and trouble him all his life.

That said defendant failed to give any notice of the approach of said train to the crossing, so that plaintiff did not have time to turn and avoid being thrown; and that, defendant having full knowledge of the dangerous conditions, negligently failed to erect whistle posts along its right of way to inform its agents and servants of the approach of crossings; that on the occasion herein mentioned the defendant placed and was moving a box car in front of its engine of the said train, making an unusual sight, likely to frighten horses, and that the defendant was negligent in not having the right of way cleared, so that persons traveling along said highway could see the approach of trains, and in not sounding its whistle or ringing its bell before reaching the said crossing, as required by law, and failing to give any warning whatever of the approach of its said train to said crossing.

That the negligence of the defendant, its agents and servants, as aforesaid, was the direct and proximate cause of plaintiff's injuries, and plaintiff has been damaged by reason of the said negligence in the sum of ten thousand dollars.

The answer of the defendant is as follows:

"The defendant, answering the complaint herein, alleges:

1. "That paragraph one of the said complaint is admitted.

2. "That the remaining allegations of the said complaint are denied."

The case came on for hearing at the April, 1908, term of the Court of Common Pleas for Greenwood County before his Honor George W. Gage.

At the close of the testimony, the defendant asked for an order of nonsuit, which, after argument, his Honor granted.

From this order of nonsuit the plaintiff now appeals to this Court upon two exceptions, which we will consider.

1. "Because his Honor erred in sustaining defendant's motion for an order of nonsuit, on the ground that there was nothing in the testimony from which negligence of the defendant could be inferred. The error being: (a) That it was negligence *per se* for the defendant to fail to sound its whistle or ring its bell before reaching the public crossing, as required by statute. (b) It was negligence for the defendant to place and move in front of its engine a box car, making an unusual sight, likely to frighten horses which might be thrown in close proximity to it, knowing the likelihood of meeting horses along its route. (c) It was negligence to so construct its roadbed as to cause the same to curve around a house and other objects on the right of way, which so obstructed the view that persons, situated as plaintiff was, could not see a train approaching as this train did, and in failing to so clear its right of way as to allow persons, situated as plaintiff was, to see the approach of such trains. (d) It was negligence on the part of the defendant to fail to warn the plaintiff of the approach of its train, it knowing that persons were likely to be situated as plaintiff was, and knowing such place to be a place of danger, and knowing that, if warned of the approach of its trains, such persons could avoid the danger to which plaintiff was subjected. (e) The testimony showed that the plaintiff was not aware of the approach of the train; that had he been warned of the approach of the train he could have, and would have, avoided the danger to which he was subjected; that the defendant's failure to warn him caused his injuries; that the defendant caused the view to be obstructed and had failed to clear it; that it knew it to be a place of danger; that it failed to erect whistle posts to inform its agents of the approach of crossings. And his Honor erred in not holding that the above facts tended to show negligence on

the part of the defendant, which caused the plaintiff's injuries.

2. "Because his Honor erred in holding that the written contracts introduced in evidence relieved the Southern Railway Company from liability on account of the matters set out in this action. The error being: (a) The contracts show that the Southern Railway Company is the owner of the said line of road, and it cannot, therefore, relieve itself of a liability by a contract leasing the same to some other company. (b) The contract shows that the defendant company recognizes its liability and provides for indemnity against loss by the lessee company. (c) The testimony in the cause shows that the defendant company is really operating the road."

It seems to us that the plaintiff was certainly guilty of contributory negligence, for, by his own testimony, the horse knew of the approach of the train before the driver did, because he said: "Q. The horse saw the train before you did? A. I suppose he did. Q. The horse was frightened, pricked up his ears and got faster? A. Yes, sir. Q. How fast was he going when you noticed that condition? A. I don't know, sir; he was running. Q. He was running? A. Yes, sir, when I got my lines up; when I got my lines tightened up." It must be remembered that plaintiff confesses that he was not on the crossing, he was merely on the public road which ran parallel with the railroad. "Q. After seeing it, why do you say you didn't turn? A. It was no use, my horse was running; I couldn't."

Under these circumstances we do not see how anything else could be determined than that the railroad was justified in taking its own course on its own road; to hold otherwise would necessitate the position that the railroad is responsible for the fright of every horse that may be used on a public road running parallel with the railroad. To do this would virtually say the railroad must be responsible for every runaway horse that might be driven along its track. It was not to cross the railroad as at public crossings, because

4—82

it is alleged in the complaint that at a certain point the public road would turn off at an angle of sixty degrees from the roadbed.    The plaintiff, when his horse began to run, acted very carelessly; he testified that be began to pick up his lines after that.

Such being the case, the Circuit Judge was right in granting the nonsuit.

The second exception, pertaining, as it does, to the agreement between the Southern Railway and the Ware Shoals Company, regarding the ownership and operation of the railroad, is necessarily disregarded by our conclusion of the first exception; for no matter who might be responsible in a proper case for damages of this character, there was no liability to any railroad, and his Honor's conclusion was, therefore, correct.    We overrule these exceptions.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES.    I concur in the result.    I do not understand that the nonsuit was granted because of plaintiff's contributory negligence, nor because of the alleged contract with the Ware Shoals Company, but because there was no evidence tending to show any negligence by defendant proximately causing the injury.

MESSRS. JUSTICES.GARY *and* WOODS *dissent.*

November 27, 1908.    PER CURIAM.    After careful consideration of the petition herein for a rehearing, the Court is satisfied that no material question, either of law or of fact, has been disregarded or overlooked.

There is, however, one ground set forth in the petition for rehearing which requires explanation.

In the petition it is contended as follows: "The Chief Justice, writing the opinion of the Court, affirms the order of nonsuit, on the ground of plaintiff's contributory negligence —thereby necessarily finding that the defendant was guilty

of actionable negligence; because unless there was negligence on the part of the defendant, there could be no contributory negligence on the part of the plaintiff. The question of contributory negligence was neither raised by the pleadings nor by the motion for nonsuit, and therefore, was not before the Court."

It is true, the question of contributory negligence was not raised by the pleadings, nor was it urged as a ground upon the motion for nonsuit.

The Chief Justice, however, also relied upon the proposition that there was no evidence of negligence on the part of the defendant, and in this view Mr. Justice Jones concurred, the result of which was to affirm the judgment of the Circuit Court, although two of the Justices dissented.

It is, therefore, ordered that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.