9025

HUTTO v. SOUTHERN RAILWAY COMPANY.

(84 S. E. 719.)

RAILROADS.    CROSSING SIGNALS.

RAILROADS—CROSSING SIGNALS.—The omission to give the signals required of railroad locomotives approaching railroad crossings over any public highway, street or traveled place, in violation of Civil Code, section 3222, gives no right of action to persons neither using nor intending to use such crossing; such as a plaintiff working in a field near by the railroad track, and about 200 yards from the crossing, injured by fright of his horse by the passing of a train which had failed to give the crossing signal.

Before SPAIN, J., Lexington, February, 1914.    Reversed.

Action by Murphy Hutto against Southern Railway Company and H. E. Thompson. From a judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Johnson & Cromer,* for appellants, submit: *Omission to give signals was not a proximate cause of plaintiff's injury:* 34 S. C. 450; 84 S. C. 137. *The statute not intended for persons farming near track:* 11 L. R. A. 353. *Cases distinguished:* 87 S. C. 325; 52 S. C. 328; 58 S. C. 74; 82 S. E. 45; 65 S. E. 214; 81 S. C. 338; 10 Ann. Cas. 294; 33 S. C. 139, and notes to 11 L. R. A. 352 in 2 L. R. A. Extra Annotations, p. 630.

*Messrs. Melton & Sturkie,* for respondent, submit: *Omission to give signals negligence per se:* 83 S. C. 354; 91 S. C. 201; 87 S. C. 324; 92 S. C. 297.

March 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff was plowing in his field about fifty-five feet from defendant's track, the rows ran parallel with the track. Along the end of the rows there was a neighborhood road which crossed the track. There was evidence tending to prove that the crossing was "a traveled place" within the meaning of the statute. Plaintiff drove out into the road and stopped, intending to quit work for the day and go to his house, which was on the same side of the railroad, about 200 yards from the crossing. He had taken hold of his horse's bridle preparatory to unhitching him from the plow, when one of defendant's trains ran by without giving the statutory signals. The horse was so frightened by the noise of the train that he jumped and jerked plaintiff down across the plowstock and injured him, for which he recovered judgment against defendant for $800.00.

The only negligence alleged as the ground of recovery was the failure to give the signals required by section 3222 of the Civil Code, which reads: "A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded, by the engineer or fireman, at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street or traveled place; and if such engine or cars shall be at a standstill, within a less distance than one hundred rods of such crossing, such bell shall be rung, or such whistle sounded, for at least thirty seconds before such engine shall be moved; and shall be

kept ringing or sounding until such engine shall have crossed such public highway or street or traveled place."

The sole question, therefore, is: Did defendant's negligence, in failing to give the signals required by the statute at such crossings, give plaintiff a cause of action?

The intention to be gathered from the language of the statute is that the signals were required for the protection of persons who may be using a highway, street or traveled place against the dangers incident to the crossing thereof by engines and cars. This is the uniform construction which has been given to it by this Court, and the same construction has been given similar statutes by other Courts and by the text writers. *Williams* v. *R. Co.,* 26 N. E. 661; 135 Ill. 491; 11 L. R. A. 352, where numerous authorities are cited. In some of the cases such statutes are given a restricted construction, and it is held that the signals are required to protect travelers against actual collision with passing engines or cars. In others, they are given a more liberal construction, and it is held that they are intended also to enable them to secure their horses against taking fright at passing trains. This Court has adopted the latter view. *Clifford* v. *Ry.,* 87 S. C. 325, 69 S. E. 513; *Spears* v. *R. Co.,* 92 S. C. 297, 75 S. E. 498.

Certainly, the statute was not intended for the protection of all persons who may be on or near a railroad at any and all places; for, if it had been, signals of approach would have been required all along the railroad, and not merely for the distance of 500 yards before reaching such crossings, and until the engines or cars had crossed them. The same inference is to be drawn from the provision that, if engines or cars are standing still within 100 rods of such crossings, the signals must be given for thirty seconds before they are moved, and must be continued until they shall have crossed, which is not required when engines or cars are standing still at all places.

Nor was it intended for the protection of all persons who may be on a highway, street or traveled place, which is crossed by a railroad, without regard to their use thereof, as the same may be affected by the dangers incident to such crossings.   If it could be extended to the protection of plaintiff, under the circumstances stated, there would be no reason why it should not be extended to protect him, if he had been at the other end of his field.   Such an enlargement of the scope of legislative intention would not be warranted by any fair and legitimate construction of the language used.

In the Clifford case, which is relied upon by the respondent, Miss Clifford was traveling along the highway and was on the crossing before she had any warning of the approach of the train, and had just cleared the track when the train passed, without having given any signal of its approach, and missed the hind wheels of her buggy only a few inches.   Her horse was so frightened that he threw her out and injured her.   She was clearly within the danger against which the statute was intended to protect those using the highway with respect to the crossing thereof by the railroad; for, if the signals had been given she might have delayed her crossing until the train had passed, or, being upon the crossing, or having just crossed, she might have hurried away to a safe distance, or have guarded against the danger of fright to her horse in several ways, which will readily suggest themselves.

The difference between that case and this does not lie wholly in the fact that the one was brought under the common law and the other under the statute, for, as was said in that case, the statute is cumulative of the common law.   And, therefore, in actions under the common law proof of the failure to give the signals required by the statute at near-by crossings has been held in numerous cases to be competent evidence in support of the charge of negligence.   But such failure has never been held to be negli-

gence *per se,* except as to those using or intending to use such crossings.

The true difference lies in the duty which the railroad companies owed to the parties in their respective situations. In Miss Clifford's case, the company owed her the duty, in her situation, to give the crossing signals. In this case the company owed no such duty to the plaintiff, because his injury had no connection with the use or intended use of the crossing. His situation with reference to it was merely casual, and so was the fact that he happened to be actually in the road, because he was not using the road with respect to the crossing. His situation, therefore, is the same as if he had been in his field some distance from the road and yet near enough for the signals to have afforded him protection. The signals were not required for the benefit of one so situated, for clearly, if they had been, they would have been required all along the road.

The question which has been considered is not whether the defendant owed plaintiff any duty, or, more specifically, the duty of giving him any signal of the approach of its train, for the allegation is that the defendant owed him the duty, in his situation, to give the *crossing* signals required by the statute, and for its neglect in respect of that supposed duty his action was sustained.

It is elementary that a duty may be owing to one in a given situation which would not be owing to him in another. In *Stone* v. *A. C. L. R. R. Co.,* 96 S. C. 228, 80 S. E. 433, it was held that the railroad company owed Stone, a car repairer, no duty to exercise care for his protection, while under a car in its yard, without the protection of a blue flag, in violation of a rule of the company. In that case the Court quoted with approval the principle as thus stated in 29 Cyc. 419: "The duty must be owing to the person injured, and must be in respect of the very matter or act charged as negligence."

In the Clifford case, it was pointed out that Civil Code, section 3222, which requires the signals at crossings, is independent of section 3230, which materially modifies the principles of the common law in actions for damages in cases of injury to persons or property by actual collision with engines or cars at such crossings, when the signals required by section 3222 have not been given. And, while those cases in which there has been a collision, as well as those in which the question has been considered whether the injury must be "at the crossing," are not directly in point, consideration of them shows that this Court has uniformly held that the section requiring the signals is not applicable in case of injuries to persons or property, when there was no use or intended use of the crossings therein mentioned. *Sims* v. *Ry.,* 59 S. C. 246, 37 S. E. 836; *Cooper* v. *Ry.,* 65 S. C. 214, 43 S. E. 682; *Fowles* v. *Ry.,* 73 S. C. 306, 53 S. E. 534; *Hughes* v. *Ry.* 82 S. C. 45, 61 S. E. 1079; 63 S. E. 5. In the Cooper case it was held that the section did not apply to crossings at different levels.

In the same case the Court said that, "independently of statute, it is the duty of those in charge of a train to give notice of its approach at all points of known or reasonably apprehended danger." In this case there was no evidence that the place at which plaintiff was at work was one of known or reasonably apprehended danger. So that, even if we could view the case in its common law aspect, there was no evidence of negligence.

Judgment reversed.