## SPIRES v. SOUTH BOUND RAILROAD COMPANY.

1. PLEADING—COMPLAINT—NEGLIGENCE.—Where a complaint is general in its allegations of negligence, and the defendant does not move to have the allegations made more definite and certain, the plaintiff may introduce, under the general allegation, any competent evidence to support the charge of negligence.

2. NEGLIGENCE—REMEDY—RAILROADS—CASE FOLLOWED.—The remedy which the statute provides for a person sustaining injury through the negligence of a railroad company failing to ring the bell or blow the whistle, does not supersede the common law remedy, but is only cumulative. *Kaminitsky* v. *R. R.*, 25 S. C., 53, *followed.*

Before GARY, J., Lexington, February, 1896.  Reversed.

Action by James Jesse Spires, minor, by guardian *ad litem*, against South Bound Railroad Company, for damages to his person.   Nonsuit granted.   Plaintiff appeals.

*Messrs. Meetze & Muller* and *W. H. Sharpe*, for appellant, cite *Kaminitsky* v. *R. R.*, 25 S. C., 53; Am. & Eng. Ency. of Law, vol. 4, p. 910; *Murray* v. *S. C. R. R.*, 10 Rich. Law, 227.

*Messrs. C. J. C. Hutson* and *Lyles & Muller*, contra, cite *Sanders* v. *Guano Co.*, 19 S. C., 510; *White* v. *R. R. Co.*, 30 S. C., 219; *Fell* v. *R. R. Co.*, 33 S. C., 200; *Barber* v. *R. R. Co.*, 34 S. C., 452; *Jenkins* v. *McCartha*, 22 S. E. R., 883; *Kinard* v. *C., N. & L. R. R.*, 39 S. C., 514.

July 9, 1896.  The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein is from an order granting a nonsuit.   The action was for damages alleged to have been sustained by the plaintiff through the negligence of the defendant.   The allegations of negligence are contained in paragraph two of the complaint, as follows:

"2. That on the 20th day of December, 1893, while the plaintiff, James Jesse Spires, was traveling along the public road in Lexington County, which said road the defendant's railroad crosses at a point between two and three miles north

of the station upon said railroad called Gaston, in said county, and just as he reached said railroad at said crossing, the defendant, through their agents and servants, negligently, unskillfully, and carelessly managed their locomotive and train so as to strike, knock down, and run over the plaintiff, the said James Jesse Spires, by which negligent, unskillful, and careless conduct on the part of the defendant, their agents and servants, the plaintiff, the said James Jesse Spires, had his right arm broken, and received other bodily injuries, by reason whereof the plaintiff, the said James Jesse Spires, for a long time thereafter suffered very great pain, and from said injuries still suffers, and which injuries, he alleges, are permanent to the plaintiff's, the said James Jesse Spires, damage $10,000."

When Mrs. Sallie Spires, a witness for the plaintiff, was on the stand, the following was brought out in evidence: Q. Where was it (the injury) done? A. Arch. Sightler's crossing. Q. Is that a public crossing? A. Yes, sir, on the Columbia settlement road. Q. Is there any thing to show it's a public crossing there? A. Yes, sir, sign board is up there. Q. What kind of sign board? A. It says, "Look out for the cars." Q. How long had you gotten to the crossing before the train struck your child? A. I hadn't got quite to it; I lacked five or six steps of being at the crossing, and he had got on the crossing; he was looking towards Gaston for the train; the train was coming from Columbia. The wind blew such dust, couldn't see the train or hear it. Q. did the train blow? A. No, sir. Q. Did the bell ring? A. No, sir, did not. Mr. Lyles objected, and said, "There is no allegation complaining of our failure to comply with the terms of the statute, and, we submit, there being no allegation of a statutory action, they can not give evidence of our failure to comply with those terms." His Honor, the presiding Judge, sustained the objection to the testimony.

At the close of plaintiff's testimony the presiding Judge granted an order of nonsuit, on the ground that "the plaintiff had failed to offer any evidence tending to prove negli-

gence on the part of the defendant company in the running of the train, which, it is claimed, caused the alleged injury."

Appellant's exceptions raise practically but the single question whether the presiding Judge was in error in excluding the testimony as to the blowing of the whistle and ringing of the bell. The complaint does not set forth specifically in what manner the defendant "negligently, unskillfully, and carelessly managed their locomotive and train so as to strike, knock down, and run over the plaintiff." When a complaint is general in its allegations of negligence, and the defendant desires to know upon what particular acts of negligence the plaintiff relies to sustain his action, it is the duty of the defendant to make a motion to have the complaint made more definite and certain; and, when this is not done, the plaintiff has the right to introduce any competent evidence tending to show negligence on the part of the defendant. This was not done in this case, and the plaintiff had the right to introduce any competent evidence tending to show negligence on the part of the defendant in the management of its locomotive and train by which the plaintiff suffered the alleged injury. If the complaint had alleged specific acts of negligence—such, for instance, as failure to blow the whistle or ring the bell—then the plaintiff would be restricted to the introduction of such testimony only as would tend to prove the acts of negligence alleged in the complaint. The failure of the defendant to blow the whistle or ring the bell when approaching the crossing, described in the complaint, was competent evidence to be considered by the jury in determining the question of negligence, and should not have been excluded by the Circuit Judge. The remedy which the statute provides for a person sustaining injury through the negligence of a railroad company in failing to blow the whistle or ring the bell of its engine, when approaching certain crossings, does not supercede the common law remedy, but by statute is only cumulative in its nature. The case of *Kaminitsky* v. *R. R. Co.*, 25 S. C., 53, so fully

lays down the principles governing this case, that we do not deem it necessary to cite other authorities.

It is the judgment of this Court, that the order of the Circuit Court granting a nonsuit be set aside, and the case remanded for a new trial.