7732

CLIFFORD v. SOUTHERN RY.

1. CHARGE—CONTRIBUTORY NEGLIGENCE.—It is not error for the Court in instructing the jury to fail to give the instruction as to contributory negligence immediately following the instruction as to liability of defendant for negligence, where that defense is clearly and fully defined in another part of the charge.

2. IBID.—RAILROADS—CROSSING SIGNALS.—The charge here not referring to the signalling statute and no instruction being given to the effect that the railroad was required to show that plaintiff was guilty of any greater degree of negligence than ordinary negligence, cannot be construed as leading the jury to believe the Court thought the action under the statute.

3. RAILROADS—CROSSING SIGNALS—NEGLIGENCE.—Failure to give the signals required by statute to be given at crossings is negligence *per se* in an action at common law for an injury near a crossing.

4. CHARGE—LIFE EXPECTANCY.—While strictly speaking, instructing a jury that a person twenty-seven years old would be expected to live thirty-seven years in speaking of a mortuary table in evidence, there being no evidence that the person referred to was not of normal health and constitution, is on the facts, the error was harmless.

5. MEASURE OF DAMAGES.—The instruction here given as to measure of damages construed to mean the earning capacity is the difference between the normal and impaired capacity to earn.

Before KLUGH, J., Union, Fall Term, 1909.    Affirmed.

Action by Mary S. Clifford against Southern Railway Company.   From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *The signalling statute does not apply to an injury not at a crossing:* 39 S. C. 517; 61 S. C. 497.   *Charge as to expectancy of life is on facts:* 62 Am. St. R. 121; 28 Id. 806; 42 Id. 345.

*Mr. Victor E. DePass,* contra, cites: *Failure to give signals at crossing is not negligence to one not injured at a crossing:* 52 S. C. 323; 58 S. C. 70, 582; 59 S. C. 537.

December 1, 1910.　The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.　Plaintiff recovered judgment against defendant for $1,999, damages for personal injuries sustained under the following circumstances.　In company with a friend, she was driving along a public highway, leading from the city of Union, in a buggy drawn by a horse. The highway crosses the defendant's track at a point where it is difficult to see or hear the approach of an engine or cars on the railroad on account of the banks of a cut through which the railroad runs.　Plaintiff and her friend testified that, on approaching the crossing, they listened and looked, as far as they could see on account of the banks of the cut, for an approaching engine or cars, and seeing and hearing none, proceeded across; that just as the horse was on the track, a work train, composed of an engine and flat cars, came upon the crossing running backward at a high and dangerous rate of speed.　The horse, being frightened by the near approach of the cars, sprang forward and threw the buggy against a wagon, standing on the road side about forty-five feet from the railroad track.　The buggy was turned over and plaintiff was thrown out and injured.　She testified that the first car missed the hind wheels of the buggy only a few inches.

As the injury was not caused by a collision with the engine or cars, the action was not brought under the statute (Sec. 2139, Code 1902), but under the common law. Plaintiff's testimony tended to show that the signals required by statute (Code, Sec. 2132) were not given.　The defense was a general denial and the plea of contributory negligence.　The two sections referred to are as follows: Sec. 2132.　"A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded, by the engineer or fireman, at the distance of at least five hundred yards from the place where the railroad crosses any public

highway or street or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street or traveled place; and if such engine or cars shall be at a standstill, within a less distance than one hundred rods of such crossing, such bell shall be rung, or such whistle sounded, for at least thirty seconds before such engine shall be moved; and shall be kept ringing or sounding until such engine shall have crossed such public highway or street or traveled place." Sec. 2139. "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of law; and that such gross or wilful negligence or unlawful act contributed to the injury."

The substance of the charge to which error is assigned was that if defendant failed to give the signals required by the statute, it was guilty of negligence, and if that negligence was the proximate cause of plaintiff's injury, defendant was liable; that if defendant did give the signals, and was negligent in any other respects alleged, and such negligence was the proximate cause of plaintiff's injury, the mere fact that it gave the signals required by the statute would not exempt it from liability; but if defendant was not negligent in any other respects alleged, and gave the signals, it would be exempt from liability to one who was injured at one of its crossings. Defendant contends that this instruction took away from the jury its defense of contributory negligence.

While the Court did not, in immediate connection with these instructions, also instruct the jury that defendant would not be liable, if plaintiff was guilty of contributory negligence, the jury was fully, clearly and correctly instructed as to that defense in a subsequent portion of the charge. The Court has held in a number of cases, recently decided, that a Judge cannot ordinarily charge all of the law applicable to every phase of a case in a single sentence or proposition, or, possibly in immediate and logical sequence. That method of instructing a jury might, on account of the repetition which might be necessary, tend more to confuse than to enlighten them. If the law applicable to the case, as made by the pleadings and evidence, is correctly given to the jury, there is no just ground of complaint. *Humphries* v. *R. R.,* 84 S. C. 202, 65 S. E. 1051; *State* v. *McKellar,* 85 S. C. 236. Defendant contends further, that it was error to charge, in an action at common law, that the failure to give the signals required by the statute was negligence, and that such instruction was prejudicial in that it tended to confuse the jury and lead them to believe that, in the opinion of the Court, the action was under the statute, where the defense of contributory negligence is available to defendant only on proof that plaintiff was guilty of gross or wilful negligence or was acting in violation of law. The force of this last contention would be irresistible, if the jury had been instructed that the action was under the statute (Sec. 2139), or if they had been instructed that defendant was required to prove that plaintiff was guilty of any greater degree of negligence than ordinary negligence. But no such instruction was given. On the contrary, Section 2139 was not read to the jury or referred to, and the jury was instructed that if plaintiff was negligent, and her negligence contributed to her injury as a proximate cause thereof, so that, but for her negligence, she would not have been injured, she could not recover.

Appellant contends that the failure to give the signals required by statute cannot be said to be negligence *per se,* or as matter of law, in any case, except one brought under Section 2139, where there has been injury caused by a collision with the engine or cars at a crossing. We cannot accept this view. The two sections are entirely independent of each other, and disconnected in the statutes, except where the failure to give the signals required by Section 2132 is made by Section 2139 the ground of liability for injury caused by a collision at a crossing, under the provisions of that section. In *Kaminitsky* v. *R. R.,* 25 S. C., 61, the Court said: "The common law required the giving of such signals at highway crossings as were reasonable in view of the situation and surroundings 'to put individuals using the highway on their guard.' Pierce R. R. 349, and notes. The signals required by the aforesaid statutes did not supersede these reasonable signals which were before necessary. They did not take away the common law right of action, by giving in lieu thereof a new cause of action under the statutes, but simply declared what were proper signals, and expressly made them 'cumulative.'" See, also, *Murray* v. *R. R.,* 10 Rich. 227; *Spires* v. *Ry.,* 47 S. C. 28, 24 S. E. 992; *Burns* v. *Ry.,* 69 S. C. 409. In *Mack* v. *Ry.,* 52 S. C. 328, 29 S E. 905, 40 L. R. A. 679, and *Mason* v. *Ry.,* 58 S. C. 74, 36 S. E. 440, 53 L. R. A. 913, it was held that, in actions at common law, evidence of failure to give the statutory signals at crossings some distance from where the injury occurred was competent. It is true that in the foregoing cases, the Court did not charge that the failure to give the signals was negligence, and therefore they are not directly in point. But see *Dyson* v. *Ry.,* 83 S. C. 354, 65 S. E. 344, and authorities cited, where it is held that the violation of a valid statute or ordinance, resulting in injury to another is negligence, as matter of law. It is very natural that the idea should have become prevalent that the two sections

are interdependent and connected together, because the great majority of cases which have arisen under the statutes have been for injuries at crossings, within the meaning of Section 2139, and caused by the alleged failure to give the signals required by Section 2132. Aside from that fact and some *dicta* to the effect that the signals required by Section 2132 were intended only for the benefit of persons crossing or intending to cross a railroad on a public highway, street or traveled place, there is nothing in the language of the section which warrants such a restricted view of its provisions and intent. There is a *dictum* in *Neely* v. *R. R. Co.,* 33 S. C. 139, 11 S. E. 636, which supports appellant's contention to some extent; but the only point properly decided in that case was that the cattle were not killed *at the crossing,* within the meaning of the statute, and, therefore, "the law of crossing," as it is expressed, was not applicable to the case. While the primary intent of the Legislature in requiring the signals to be given may have been, and probably was, to prevent injuries at crossings to those who were actually crossing, still the language of the section is comprehensive enough in its terms to include others within the benefits of its provisions, and the Court has no right by construction to exclude them. Whether an injury has occurred at a crossing, within the meaning of Section 2139, so as to bring the case within the provisions of that section, is an entirely different question. That was the question under consideration in the other cases relied on by appellant. But in Kaminitsky's case, which was an action at common law, where it seemed to be doubtful whether there was an actual collision of the vehicle in which he was riding with the train, or whether he was thrown out and fell under the train, the Court quoted with approval from *Prescott* v. *Eastern Ry. Co.,* 113 Mass. 370, as follows: "If the neglect of the duties incumbent on the defendants caused the plaintiff to approach so near the passing train that his horse took fright from it, and the

injury thereby occurred, he being in the exercise of due care, the defendants' negligence was such a proximate cause of the injury that they are liable therefor, although the circumstances of the rush of the train and the fright of the horse intervened between the negligence and the injury."

The plaintiff introduced in evidence the mortuary table, which is by statute (24 Stat. 91) made admissible as evidence, "with other evidence as to health, constitution and habits" of the expectancy of life. With regard to this table, the Court instructed the jury as follows:

"The mortuary table, gentlemen, is a table of the expectancy of human life. A person twenty-one years old is expected to live a certain number of years. I believe it was stated that a person twenty-seven years old has an expectancy of thirty-seven years; that is that would be their probable length of life—a person twenty-seven years old would be expected to live thirty-seven years longer. The value of this table to a jury is that in ascertaining damages you find what a person is capable of earning in a year and then you take his or her expectancy and find what their earning capacity would be for a life time; so if the earning capacity be impaired it could be easily ascertained what the ultimate injury amounted to. Of course, the jury has to exercise a great amount of common sense in the consideration of that, as for instance, it is a matter of human experience that as a person grows older their earning capacity decreases. That is what the mortuary table is for, for your guidance."

Appellant alleges that the charge that "a person twenty-seven years old would be expected to live for thirty-seven years longer" was a charge upon the facts. Strictly speaking, it was. Whether a person twenty-seven years old would be expected to live thirty-seven years longer would depend upon a variety of circumstances,—such as health, constitution, occupation, habits, hereditary tendencies, etc. But we know that tables of mortality are based upon past

experience taken from the lives of persons of normal health, constitution, habits, etc., as a basis or guide. As there was no testimony that plaintiff was not such a person, when she was injured, we think the error was harmless.

Appellant further contends that this charge was erroneous in failing to instruct the jury that the measure of damage, as to plaintiff's earning capacity, should be only the difference between her normal and impaired capacity to earn. We think the language used, fairly construed, must be interpreted as so charging, for the Judge said: "So, if the earning capacity be impaired, it could be easily ascertained what the ultimate injury amounted to;" and, again, "it is a matter of human experience that as persons grow older their earning capacity decreases."

Judgment affirmed.