## 9202

### HAMBRIGHT v. ATLANTA & CHARLOTTE A. L. RY. CO.

(86 S. E. 375.)

RAILROADS. CROSSING ACCIDENTS. SIGNALS. OBSTRUCTED VIEW. EVIDENCE. RES GESTAE. MORTUARY TABLES. CHARGE. DAMAGES. NEGLIGENCE. CONTRIBUTORY NEGLIGENCE. ISSUES. APPEAL AND ERROR.

1. EVIDENCE—RES GESTAE.—There was no abuse of discretion in excluding the remark of an unknown man reflecting upon deceased, when offered as a part of the *res gestae* in an action to recover damages arising from his death.

2. ISSUES—DIRECTION OF VERDICT.—Where there is evidence to go to the jury the direction of a verdict is properly refused.

3. APPEAL AND ERROR—CHARGE—INCOMPLETE STATEMENT.—Where it is apparent from the charge that the Judge knows the law, but inadvertently makes an incomplete statement liable to mislead the jury, his attention must be called thereto or the error is waived.

4. RAILROADS — CROSSINGS — SIGNALS — CONTRIBUTORY NEGLIGENCE — CHARGE.—A charge in an action for damages, under Civil Code 1912,

sec. 3230, that if a person exercises reasonable care and diligence in attempting to cross a public crossing or street and is not guilty of gross negligence in so doing, he is not guilty of contributory negligence, and whether he exercised such reasonable care and diligence is a question for the jury, approved.

5. RAILROADS—CROSSINGS—OBSTRUCTION OF VIEW—CONTRIBUTORY NEGLIGENCE.—Obstructions to view at a crossing are not within the provisions of Civil Code 1912, sec. 3230, and contributory negligence is a defense to action for injuries caused by such negligent obstructions

6. RAILROADS—NEGLIGENCE—ISSUES.—The degree of care as well as the relative degree of care, to be exercised by a railroad in the operation of special and regular trains, are questions for the jury, and a charge that a higher degree of care is required in one case than the other is error.

7. CHARGE—WILFULNESS—CONTRIBUTORY NEGLIGENCE.—A charge that if injuries were occasioned by gross carelessness or recklessness, so gross as to amount to wilfulness, contributory negligence is not a defense, approved.

8. CHARGE—ISSUES.—A charge leaving it to the jury to determine whether an injury was caused by the negligence of the defendant, or of the deceased, or by a combination of the two, approved.

9. CHARGE—PUNITIVE DAMAGES.—A charge that if certain specified acts were done wilfully, a party injured thereby could recover punitive damages for the consequent injury approved, as not on the facts.

10. DAMAGES—EVIDENCE.—The jury may consider the mortuary tables, in Civil Code 1912, sec. 4014, in determining the amount of damages arising from death of deceased.

Before MOORE, J., Gaffney, Fall term, 1914.   Reversed.

Action by Nannie S. Hambright, as administratrix of J. M. Hambright, deceased, against Atlanta and Charlotte Air Line Railway Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion. See, also, former appeal, 98 S. C. 219, 82 S. E. 416.

*Messrs. Sanders & DePass,* for appellant, submit: *It appeared as matter of law that deceased's death was due to his own recklessness in attempting to cross the track after he saw and knew the approaching train was almost on him:* 37 L. R. A. (N. S.) 135; Ann. Cas. 1912b, 1133; 5 S. C. 221; 94 S. C. 145; 78 S. C. 374; 34 S. C. 457; 81 S. C. 193;

94 S. C. 143.  *Charge on facts:* 83 S. C. 325; 76 S. C. 49, 63.  *Res gestae:* 68 S. C. 276; 68 S. C. 309; 13 S. C. 463.

*Mr. J. C. Otts,* for respondent, cites: *As to res gestae:* 71 S. C. 9; 68 S. C. 309.  *Refusal to direct verdict:* 95 S. C. 209, 210; 83 S. C. 355; 91 S. C. 548; 52 S. C. 323; 76 S. C. 368.  *Charge as an entirety:* 69 S. C. 360; 70 S. C. 490; 71 S. C. 102; 74 S. C. 305; 75 S. C. 153; 78 S. C. 520; 65 S. C. 269; 56 S. C. 377.  *Wantonly reckless:* 65 S. C. 43.  *Construction of charge:* 63 S. C. 287, 288.  *Mortuary tables as evidence:* 87 S. C. 330.

*Messrs. Dobson & Vassy,* also for respondent, submit: *Testimony offered as res gestae properly excluded:* 68 S. C. 276; 60 S. C. 71; 67 S. C. 349.  *Direction of verdict properly refused:* 72 S. C. 389; 76 S. C. 378; 59 S. C. 429; 47 S. C. 375; 83 S. C. 327; 94 S. C. 145; 61 S. C. 409; 77 S. C. 345.  *Charge on contributory negligence:* Civil Code 1912, sec. 3230; 86 S. C. 393; 91 S. C. 203.  *Obstruction of view:* 33 Cyc. 1117-1125-1136.  *Charge on duty of railroad states rule of law only:* 65 S. C. 539.  *Charge not on facts:* 98 S. C. 338; 93 S. C. 373.  *Whole charge to be considered:* 65 S. C. 32; 98 S. C. 42; 98 S. C. 262; 58 S. C. 226.  *Stating law applicable to admitted facts:* 96 S. C. 14, 74.  *Errors not prejudicial:* 96 S. C. 385.  *Charge as to duty in operating special not on facts:* 61 S. C. 468; 41 S. C. 20; 71 S. C. 102; 91 S. C. 223; 92 S. C. 189; 17 L. R. A. 505, 1255 and 1256; 129 Ga. 204; 95 U. S. 161; 65 S. C. 381 and 447.  *Mortuary tables:* 87 S. C. 330.

September 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mr. Hambright, the deceased, was walking on a public highway where it crossed the railroad track.  There were

several tracks.    The one to which he first came was known as the house track, the second was the main line.

There were box cars on the house track, that obstructed the view of the main line.    The two tracks were very close together and in a straight line, only about six feet apart, but such was the angle that by the road, it was about twenty-five feet.

There was evidence to show that when Mr. Hambright arrived on the house track, where he could see the main line, he stopped, shaded his eyes and turned his face towards the main line and then started forward.    There was a special running on the main line, and before he got across the main line, he was struck by the special and killed.    This action was brought for his death.    The verdict was for the plaintiff, and the defendant appealed and there are ten exceptions.

The first exception complains of error in excluding evidence of a remark made by a bystander, to the effect that the deceased was drunk, in that it is claimed that it was a part of the *res gestae*.

To some extent the question of *res gestae* is within the discretion of the trial Judge.

There was no abuse of discretion in excluding the remark of an unknown man that reflected upon the deceased, particularly when there was no effort to show who the man was or that he had any means of knowing the truth of his unkind and uncharitable charge.    This exception can not be sustained.

The second exception complains of error in failing to direct a verdict for the defendant.    His Honor did not err.    It would not be right to state the evidence, inasmuch as this case must go back for a new trial.    The reason for overruling this exception is that there was evidence to go to the jury.

The next exception complains of error in that his Honor omitted to state, in charging the plaintiff's second request, that in order for negligence to be actionable, the negligence

must be the proximate cause. This is correct, and if it stood alone, would be reversible error. (This Court has explained that the Lawson case, 91 S. C. 203, 74 S. E. 473, was only the opinion of the writer of that opinion.) This statement does not stand alone. His Honor charged the jury, in response to requests of the appellant, the true rule,—that the negligence must be the proximate cause. By request, and on his own motion, he stated time and time again that the negligence must be the proximate cause. This exception can not be sustained. When the trial Judge shows that he knows the law and at some time in his charge he makes a statement that is not full and it is liable to mislead the jury, then attention must be called to the statement, or the want of fullness is waived.

Exception 4. "Because, it is respectfully submitted, his Honor erred in instructing the jury, as requested in the third request to the plaintiff, to wit:

'If a person exercises reasonable care and diligence in attempting to cross a public crossing, or street, and is not guilty of gross negligence in so doing, he is not guilty of contributory negligence, and whether the plaintiff exercised such reasonable care and diligence is a question for the jury. This applies, however, as I have already stated, only to the cause of action for negligence in failing to give the statutory signals.' "

Under the modification of his Honor, the charge is correct. There are three specifications of error, but to discuss these, would require a statement of the facts proved and omitted. In this case it should not be done. The reason this request is not sustained is that the request as modified is correct.

Exception 5. "Because, it is respectfully submitted, his Honor erred in charging plaintiff's sixth request, to wit:

'It is the duty of a railroad company, where its line of railroad crosses a public crossing in a city or town, to use

*due care* to keep its right of way near said crossing sufficiently free from freight cars and other obstructions as to allow a person using said public crossing a reasonable opportunity to look and listen in order to determine whether it is safe to use said crossing at the particular time desired. To fail to use *due care* not to obstruct the view at or near said crossing to such an extent as to prevent a reasonable opportunity to look and listen is a violation of the duty of a railroad company to a person entitled to use said public crossing; and is negligence, and would render the company liable for damages to a person thereby injured, if such negligence contributed as the proximate cause thereof, and if such person so injured was not guilty of gross or wilful negligence *or* of contributory negligence, as the case may be, under the principles already stated to you.' "

This was error. Obstructions to the view at a crossing are not within the statute and contributory negligence is a defense, unless expressly excluded by statute.

Exception 6. "Because, it is respectfully submitted, that his Honor erred in charging the plaintiff's seventh request, to wit:

'I charge you that a greater degree of care in giving the statutory signals should be exercised by a railroad company operating or permitting to be operated on its line a special train at special time under special circumstances than a regular train running on a regular schedule advertised to the public, and that failure to give the statutory signals and observe due care under such circumstances would be such negligence as would render the company liable to a person injured, if such failure contributed to such injury as a proximate cause thereof, unless the person so injured was guilty of gross negligence or contributory negligence, as the case might be, under the principles I have already stated to you.' "

This exception is sustained. The degree of care, as well as the relative degree of care, are questions for the jury.

Exception 6a. "Because, it is respectfully submit-. ted, his Honor erred in charging the plaintiff's eighth request, to wit:

'I charge you as a matter of law that if you find that the defendant was grossly careless or wantonly reckless in fail·- ing to give the signals required by law, or its negligence in any other respect was gross, wilful or wanton, and provided such carelessness or recklessness was so gross as to amount to wilfulness, and that the same contributed as a proximate cause to the injury here in question, then I charge you that the contributory negligence of the deceased is not a defense, if you find that the deceased was guilty of contributory neg- ligence.' "

The error alleged here is that his Honor confused gross negligence with wilfulness.

His Honor said, if it was so gross as to amount to wilful- ness. This exception cannot be sustained.

Exception 7. "Because his Honor charged the plaintiff's ninth request to charge, to wit:

'I charge you further that if you find the defendant rail- way company was violating the ordinance of the town of Gaffney by failing to give the signals required or by running at a greater rate of speed than that fixed by the ordinance, and if you find that the deceased was negligent in attempting to cross the railroad track of the defendants, it is for you to determine whether the railroad company or the deceased, one or both, was the cause of the injury.' "

This exception can not be sustained. This charge did not attempt to fix liability. It merely stated that it was the province of the jury to say whether the death was caused by the negligence of the defendant, or the deceased, or was a combination of the two.

Exception 8. "Because, it is respectfully submit- ted, his Honor erred in charging the plaintiff's twelfth request, to wit:

'If the engineer of the train that killed the deceased, John M. Hambright, in order to make up lost time, or for any other reason, intended to drive his engine through the city of Gaffney at a rate of speed so excessive as to wantonly endanger the lives of its citizens, and in carrying out that intention by driving said engine at such excessive rate of speed and at such rate of speed as wilfully to endanger lives of travelers upon the streets or highway, and thereby cause the death of the deceased, he would be guilty of a wilful act; and that the defendant, by its conduct, has ratified that act, it is liable in exemplary or vindictive or punitive damages for any injury and consequent damage done thereby and naturally and proximately resulting therefrom to the plaintiff, if the death of the plaintiff's intestate was thereby caused.' "

This exception is not a charge on the fact.    All the charge means is that if the acts were done wilfully, the defendant was liable for punitive damages.

Exception 9. "Because his Honor erred in charging plaintiff's thirteenth request, to wit:

'I charge you that under the mortuary table, in section 4014 of the Civil Code of this State, which has been admitted in evidence, that the expectation of life of a man of sixty years of age is 14.09 years.    That is to say, that the proper time which a man sixty years of age might be expected to live, as fixed by this table, is 14.09 years, and you are to take that expectation of life into consideration in estimating damages in this case, if you conclude the plaintiff is entitled to damages.' "

This charge states that the expectation of a person aged sixty is 14.09 years, as fixed by the mortuary tables, and you may *consider* that in making up your estimate of damages. *Clifford* v. *Ry.*, 87 S. C. 324, 69 S. E. 513, is authority for this charge.

The judgment is reversed and a new trial ordered.

MR. CHIEF JUSTICE GARY. and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE dissents.