18622

Martha Irene KING, by her Guardian *ad Litem*, Billy S. King, Respondent, v. SOUTHERN RAILWAY COMPANY, and Roy Gunter, a minor over the age of fourteen (14) years, Defendants, of whom Southern Railway Company is, Appellant.

(153 S. E. (2d) 690)

*Messrs. F. Dean Rainer,* of Greenville, *Albert J. Dooley,* of Lexington, and *John Gregg McMaster* and *Robert J. Thomas,* of Columbia, *for Appellant,*

*Messrs. A. Frank Lever, Jr., R. Milo Smith* and *T. H. Rawl,* all of Lexington, and *J. Reese Daniel,* of Columbia for *Respondent,*

March 16, 1967.

BRAILSFORD, Justice.

The plaintiff was injured when the automobile in which she was a guest passenger and which was being driven by the defendant, Roy Gunter, collided with a locomotive of the defendant, Southern Railway Company, at a crossing in the town of Batesburg. This action for her injuries resulted in a verdict of $20,000.00 actual damages and $10,000.00 punitive damages against the railway company and $2,000.00 actual damages against Gunter. Southern has appealed on exceptions which charge error in the refusal of its motions for nonsuit and directed verdict at the trial and of its post trial motions for judgment notwithstanding the verdict and for a new trial.

The evidence, which need not be reviewed, quite clearly supports a finding that Gunter was guilty of gross negligence or recklessness in the operation of the automobile. The complaint, of necessity, so alleged and, under the charge of the court relating to the Guest Statute, this finding was implicit in the verdict of the jury. The first two exceptions make the key point that the court erred in refusing the railway company's appropriate motions for verdict by direction and for judgment on the ground that, under the terms of Section 58-1004, Code of 1962, plaintiff's right of recovery was barred by the gross negligence of her host driver.

The section relied upon and Section 58-743, Code of 1962, were adopted by the General Assembly as distinct provisions of the General Railroad Act of 1882, XVII Stat. 791. See Section 72 and Section 118 of the Act, XVII Stat. 825 and 835. The first of these provisions, now Section 58-743, specifies certain warning signals which railroad companies are required to give at public crossings; the second, now Section 58-1004, fastens liability on such companies for injuries from a collision occasioned by failure to give the required signals "unless * * * the person in-

jured or the person having charge of his person or property was at the time of the collision guilty of gross or willful negligence," which contributed to his injury.

Soon after the adoption of this legislation, it was held that the right of action conferred by the statute is cumulative and does "not take away the common law right of action." "If, considering the exceptionally dangerous character of the place, the signals required and habitually given were proper, the failure to give them might be negligence without reference to the statute, and in that view it was sufficient for the complaint to allege generally that the injury was caused by the defendant carelessly and negligently, &c. *Gibbes v. [Town Council of] Beaufort,* 20 S. C. 213." *Kaminitsky v. Northeastern R. R.,* 25 S. C. 53, 61, 62.

In *Spires v. South Bound R. R.,* 47 S. C. 28, 24 S. E. 992, a common law action, it was held that the trial court erred in refusing to admit evidence of the railroad's failure to give warning by whistle or bell under a general allegation of negligence in the operation of the train.

In *Sanders v. Southern Ry.,* 97 S. C. 423, 429, 81 S. E. 786, 788, it was stated that: "In a case at common law, plaintiff must prove the failure to ring the bell or blow the whistle, that the omission was negligence, and that such negligence was the proximate cause of the injury. In a case under the statute, if the plaintiff proves the failure to give the signals required, it is negligence *per se,* which is presumed to have caused the injury."

In the recent case of *Doremus v. Atlantic Coast Line R. R.,* 242 S. C. 123, 135, 130 S. E. (2d) 370, 375, it was declared: "Independently of the signal statute, Section 58-743 of the Code, it is the common law duty of the Railroad Company to give such signals as may be reasonably sufficient in view of the situation and surroundings to put individuals using the highway on their guard."

These two code sections are commonly thought of together as the crossing or signal statutes. However, they are "entirely independent of each other." *Clifford*

*v. Southern Ry.,* 87 S. C. 324, 69 S. E. 513. Section 58-743 is a safety statute which may be applicable in a common law action, while Section 58-1004 creates a statutory cause of action, unfettered by the defense of contributory negligence but subject to the statutory limitations which have been quoted above. *Clifford v. Southern Ry., supra.* Since the remedy thus created is cumulative, it follows as the night the day that under appropriate circumstances the injured party may elect to sue at common law, subject to common law defenses but not subject to the statutory limitation upon which exceptions one and two are predicated. 10 Words and Phrases, "Cumulative Remedy" p. 662 (perm. ed. 1940). The plaintiff undertook to follow this course.

The complaint was carefully framed to state a common law action against Southern and Gunter. The charges against Southern include its failure to give any warning, by whistle, bell or otherwise, of the approach of its train to the crossing, as was required in the exercise of ordinary reason and prudence in the light of obstructions to vision and other existing circumstances. The very allegations of the complaint, in laying plaintiff's charges against the host driver, negate any right of recovery against Southern on the statutory action created and limited by Section 58-1004.

At the conclusion of all of the evidence, plaintiff moved to strike from Southern's answer the fourth defense, which is based upon the claimed statutory imputation to her of the driver's gross negligence. This motion was upon the ground that plaintiff was suing at common law; hence, the statute was inapplicable. As already indicated, plaintiff's intention to invoke her common law remedy is apparent on the face of the complaint. However, if the complaint is susceptible of the construction that it states a cause of action under the statute as well as one under the common law, which we need not decide, the motion was an effective election of the common law remedy. In pursuing this remedy plaintiff was subject to the ordinary defense of contributory negligence, but she was not burdened

by the limitations impressed by the legislature on the cumulative right of recovery under Section 58-1004. However, apparently through a misconception of the complaint and of plaintiff's motion, the court refused to strike the defense and proceeded to submit the case to the jury as an action under the statute. The jury was instructed repeatedly, without qualification, that contributory negligence would not be a defense, but that contributory recklessness of the driver would bar recovery.

Southern contends here that plaintiff is bound by the submission of the case under the statute because her counsel expressed no objection to this aspect of the charge when given the opportunity to do so. We disagree. The charge conformed to the court's unfavorable ruling on plaintiff's motion to strike the defense based on the statutory limitation. Having been overruled on the point prior to the charge, counsel owed no duty to protest again at its conclusion.

The principle that, ordinarily, the law as declared by the court at the trial is binding on the parties as the law of the case, unless appropriately challenged on appeal, has not been invoked by exception or argument; nor has the verdict been challenged upon the ground that it is inconsistent with the instructions.

Under the view of the law which we have expressed, exceptions one and two fall of their own weight. By their terms, they are based upon the theory that the gross negligence of the driver of the automobile was, by virtue of the statute, a bar to plaintiff's recovery against Southern in this common law action.

The fourth and fifth exceptions, respectively, challenge the sufficiency of the evidence to establish causal negligence or willfulness by Southern. These exceptions are argued upon the theory that the sufficiency of the evidence to support recovery under the common law must be tested without regard to the operation of the locomotive

without warning of its approach by whistle or bell. Since we have held otherwise, the exceptions are overruled with the comment that we find the evidence quite sufficient to require submission to the jury of the charges of negligence and willfulness.

The only other exception relates to the apportionment of damages by the jury and has been abandoned.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.